```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON

HARVEY P. SHORT,

       Plaintiff,

v.                              Case No. 2:09-cv-01096

JENNIFER BAILEY-WALKER, Judge,
Circuit Court of Kanawha County,

       Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On October 7, 2009, Plaintiff filed the instant civil action under 42 U.S.C. § 1983 (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pro se complaints are held to less stringent standards than those drafted

by attorneys, and the court is obliged to construe liberally such complaints.

## ANALYSIS

In the Complaint, Plaintiff alleges that the defendant, the Honorable Jennifer Bailey-Walker, Judge of the Circuit Court of Kanawha County, is denying him access to the court, denying his right to counsel, and refusing to adjudicate his habeas corpus petition, which was filed on June 1, 2009, in violation of his First, Sixth, and Fourteenth Amendment rights. (# 2 at 2-11). The Complaint further alleges that Judge Bailey-Walker is discriminating against him on the basis of race, and retaliating against him for his prior filing of judicial ethics complaints and other civil rights complaints against her. (Id.)

Plaintiff specifically alleges as follows:

s) That the Defendant acted outside of her judicial role and capacity by conspiring with another person to deny Plaintiff access to the court and violate his United States Constitutional Right to Due Process of Law;

t) That the Defendant acted outside of her judicial role and capacity when she violated the Plaintiff's constitutional rights while not on the bench after March 31, 2008 by allowing another person to violate the Plaintiff's constitutional rights to due process of law and equal protection of the law;

u) That in paragraph t) the Defendant also acted in her administrative function in having another person to violate the Plaintiff's constitutional right;

v) That the Defendant acted in her administrative and executive functions when denying the Plaintiff access to the court, retaliation, and practicing racial discrimination against the Plaintiff;

(Id. at 10-11).

Plaintiff seeks declaratory and injunctive relief to compel Judge Bailey-Walker "and all state circuit court judges not to hinder and establish impediments to the federal habeas corpus," and to require Judge Bailey-Walker to recuse herself, appoint counsel, have a hearing, and adjudicate his state habeas corpus petition. (Id. at 12). Plaintiff also seeks monetary damages against Judge Bailey-Walker, and states that he is suing her in her individual and official capacities. (Id. at 12-13).

The undersigned's staff has reviewed the docket of the Circuit Court of Kanawha County and determined that Plaintiff filed a Petition for a Writ of Habeas Corpus in that court on June 4, 2009, (Short v. Waid, 09-MISC-201), which has been assigned to Judge Bailey-Walker. Plaintiff has also filed two motions for appointment of counsel, and a motion for recusal or disqualification of Judge Bailey-Walker in that matter. To date, no action has been taken on the motions.

Plaintiff has not been denied access to the court. Plaintiff's state habeas corpus petition is pending on the docket of one of the busiest circuit courts in the State of West Virginia. Furthermore, even to the extent that Plaintiff has alleged that Judge Bailey-Walker has acted in retaliation, Plaintiff has not demonstrated that Judge Bailey-Walker has taken any action that was outside her judicial capacity or in clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9 (1991); see also

<u>Stump v. Sparkman</u>, 435 U.S. 349 (1978)(judicial immunity applies even where judge accused of acting maliciously; only inapplicable where judge has acted in "clear absence of all jurisdiction"). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Bailey-Walker is absolutely immune from liability in this civil action, and that the Complaint must be dismissed.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction be imposed on those prisoners who file meritless lawsuits repeatedly.

> In no event shall a prisoner bring a civil action . . .
> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an
> action . . . in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint (# 2) fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action under 28 U.S.C. 1915A and **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees (# 1). The undersigned further proposes that the presiding District Judge count this case as a frivolous case under 28 U.S.C. § 1915(g).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" to mail a copy of the same to Plaintiff.

October 26, 2009
Date

Mary E. Stanley
United States Magistrate Judge