```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**HARVEY P. SHORT,**

    **Plaintiff,**

v.                                    Civil Action No. 2:09-01096

**JENNIFER BAILEY-WALKER, Judge,**
**Circuit Court of Kanawha County,**

    **Defendant.**


## MEMORANDUM OPINION AND ORDER

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the Proposed Findings and Recommendation entered by the magistrate judge on October 26, 2009. The magistrate judge recommends that the court dismiss this action under 28 U.S.C. § 1915A.

On October 29 and November 3, 2009, plaintiff objected to the magistrate judge's recommendation. Plaintiff notes that he has previously instituted civil rights actions and administrative complaints against defendant. Based upon these

filings, plaintiff perceives that defendant has retaliated against him, and victimized him by racial discrimination, in failing to timely address the collateral challenges he has made toward his state conviction and sentence.

Plaintiff's complaint and objections, however, contain only unsupported and conclusory allegations. For example, he references two other habeas corpus actions filed by other inmates before different judicial officers in the Circuit Court of Kanawha County that putatively received speedier treatment. Absent any further comparison between the other two habeas corpus actions and that filed by plaintiff, there is no basis to support an allegation of race-based discrimination. It is also noted that plaintiff's objections assert generally that defendant conspired with, and/or allowed, other unnamed person to violate his constitutional rights. (See Objecs. At 2 (Oct. 29, 2009)). The same general allegations, again without elaboration, appear in the complaint. (Compl. at 10)). These type of conclusory allegations are insufficient to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the- defendant-unlawfully-harmed-me accusation."). In sum, the objections are meritless.

Based upon the foregoing discussion, it is, accordingly, ORDERED as follows:

1. That the Proposed Findings and Recommendation be, and it hereby is, adopted by the court;

2. That plaintiff's Application to Proceed Without Prepayment of Fees be, and it hereby is, denied as moot; and

3. That this action be, and it hereby is, dismissed pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: March 30, 2010

John T. Copenhaver, Jr.
United States District Judge